IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DOLORES ALVAREZ,**

    Plaintiff,

v.

**COUNTRY MUTUAL
INSURANCE CO.,**

    Defendant.

No. 3:18-cv-01778-MO

OPINION AND ORDER

**MOSMAN, J.,**

    This matter comes before me on Plaintiff Dolores Alvarez's Motion for Attorney Fees [ECF 96] and Bill of Costs [ECF 99]. Plaintiff seeks: (1) $100,971 in attorney fees, (2) prejudgment interest, and (3) costs of $1,138.25. For the reasons stated below, I GRANT in part and DENY in part the Motion.

## DISCUSSION

### I. Attorney Fees

    Defendant does not dispute that Plaintiff is entitled to attorney fees under Or. Rev. Stat § 742.061. Instead Defendant seeks reduction of the amount sought by Plaintiff by $23,617.59. Resp. in Opp'n [ECF 100] at 13. I find reduction of Plaintiff's attorney fees by $246.59 appropriate for the reasons discussed below.

1 – OPINION AND ORDER

First, Defendant seeks to reduce the attorney fees sought for excessive time and duplication of services. *Id.* at 3–6. After reviewing the fees sought, I disagree with Defendant that the time billed is excessive or duplicative.

Second, Defendant seeks to have fees reduced for excessive billing rates. *Id.* at 6–7. Again, I disagree with Defendant. Plaintiff's attorney has nearly forty years of experience and has justified his rates through his filings on this motion. Vance Decl. [ECF 102] ¶¶ 3–6.

Third, Defendant seeks to exclude the time of Vance's legal assistant because she is not a paralegal. Resp. in Opp'n [ECF 100] at 6–7. Defendant cites no authority to support this assertion. I find the rates charged for Ms. Caravello and the tasks she performed reasonable.

Fourth, Defendant seeks to have attorney fees reduced for billing clerical tasks. *Id.* at 7–9. I have reviewed Vance's billing and find that he billed tasks that were both appropriate for him to perform as an attorney and for a reasonable amount of time.

Fifth, Defendant seeks to have time reduced for time incurred after the offer of judgment. *Id.* at 10–11. Defendant argues that Fed. R. Civ. P. 68(a) provides that an offer of judgment involves costs then accrued and the federal rule, in combination with Or. Rev. Stat. § 742.061, precludes recovery of costs after the offer of judgment. I disagree with Defendant. Or. Rev. Stat. § 742.061 states that "a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action." It does not say that costs incurred after entry of judgment cannot be recovered.

Finally, Defendant seeks to have $246.59 for copying disallowed because Vance states in his declaration that he cannot remember if the copying was for this case or another. Vance Decl. [ECF 97] ¶ 17. I agree with Defendant that the attorney fee award should be reduced by $246.59.

2 – OPINION AND ORDER

## II. Prejudgment Interest

Plaintiff seeks prejudgment interest at 9% under Or. Rev. Stat. § 82.010 on "amounts which can be reasonably ascertained through simple mathematical compilation." Mot. for Att'y Fees [ECF 96] at 10. Both parties agree that the appraisal award occurred on May 14, 2019. Plaintiff argues there should be 9% interest on the principal amount of the offer of judgment now totaling $13,799.24. *Id.* at 10. Defendant argues that interest on only $38,049.86—the cash value amount of the appraisal—is appropriate. Resp. in Opp'n [ECF 100] at 13.

The exhibit of the appraisal award shows that only $38,049.86 was identified as the actual cash value of the replacements. Mot. to Confirm Appraisal Award [ECF 40] Ex. 1. Defendant argues that this is the proper amount for there to be prejudgment interest awarded on because Plaintiff is not entitled to the replacement cost value until she actually makes repairs under the terms of the insurance contract. Resp. in Opp'n [ECF 100] at 12–13. The replacement cost value is $60,910.14. Mot. to Confirm Appraisal Award [ECF 40] Ex. 1.

I grant Plaintiff 9% interest annually on $60,910.14, the replacement cost value, from May 14, 2019. Prejudgment interest amounts are awarded if "the exact pecuniary amount is ascertained or ascertainable by simple computation." *Soderhamn Mach. Mfg. Co. v. Martin Bros. Container & Timber Prods. Corp.*, 415 F.2d 1058, 1064 (9th Cir. 1969). Here, the amount was easily ascertainable even if Plaintiff was not entitled to payment until actual repair or replacement occurs under the contract between the parties.

## III. Costs

Plaintiff seeks $1,138.25 in costs. Bill of Costs [ECF 99]. Plaintiff has provided itemization and documentation for the requested costs. Vance Decl. [ECF 97] ¶ 17, Ex. 2–4. Therefore, I award Plaintiff $1,138.25 in costs.

3 – OPINION AND ORDER

## CONCLUSION

For the reasons stated above, I GRANT in part and DENY in part Plaintiff's Motion for Attorney Fees [ECF 96] and GRANT Plaintiff's Bill of Costs [ECF 99]. I award Plaintiff $100,744.41 in attorney fees, $1,138.25 in costs, and order Defendant to pay prejudgment interest on $60,910.14 from May 14, 2019.

IT IS SO ORDERED.

DATED this ____ day of January, 2022.

MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER